RUDEN, Superintendent of Banks, Appellant, v. JOHNSON et al, Respondents.

(252 N. W. 631.)

(File No. 7550. Opinion filed February 1, 1934.)

*Danforth & Davenport,* of Sioux Falls, for Appellant.

*Krause & Krause* and *Ervin P. Van Buren,* all of Dell Rapids, for Respondents.

PER CURIAM. Defendant Johnson executed a chattel mortgage to the Sioux Falls Trust & Savings Bank to secure the payment of two promissory notes. Prior to the execution of such mortgage, Johnson executed a mortgage to defendant Schmidt on the same property. A foreclosure proceeding was instituted by Schmidt, and the plaintiff, believing its mortgage was superior so far as eighty head of pigs were concerned, instituted this action to recover possession for the purpose of foreclosure. It was stipulated at the trial that the only issue for consideration by the jury was the value of the property, and that other questions be submitted to the court for findings and judgment. The jury returned a verdict finding such value to be $600, and the court made findings as to the priority of the mortgage in favor of defendant Schmidt, and included therein the value of the property as found by the jury.

It is the contention of the plaintiff that the amount of the verdict is excessive. Defendant Schmidt in his answer alleged that the value of the pigs taken by the plaintiff was $520. From a careful examination of the record, we find no evidence to justify the verdict. The evidence does not warrant a verdict in excess of $520.

The order of this court will be that, if within twenty days after the handing down of this opinion the defendant Schmidt shall file in this court a written election to accept judgment in the sum of $520 with interest thereon from the date of the judgment of the trial court and the costs below, then the judgment of the trial court, as modified by the election of the defendant Schmidt, will be affirmed, and no costs will be taxed in this court. If, however, defendant Schmidt shall within such time neglect or refuse to accept said sum, then the judgment and the order denying the motion for new trial will be reversed.

All the Judges concur.