## In Re ADMINISTRATION OF BERESFORD HOLDING CORPORATION.

### Appeal of ONTJES.

(252 N. W. 635.)

(File No. 7593.   Opinion filed February 13, 1934.)

*Alan Bogue,* of Parker, for Appellant.

*J. W. Kaye,* of Beresford, and *Caldwell & Burns,* of Sioux Falls, for Respondents.

PER CURIAM.   This case involves the articles of agreement for the reorganization of the Beresford State Bank, and the agreement for the consolidation of the Beresford State Bank with the Security State Bank of Beresford, referred to in the case of Security State Bank of Beresford v. Beresford Holding Corporation, (No. 7614) 62 S. D. 231, 252 N. W. 631.   he articles of agree-

ment for the reorganization of the Beresford State Bank provided that the slow, doubtful, and frozen assets of the bank in an amount constituting 70 per cent should be administered as a trust fund for the benefit of depositors. In pursuance of the trust agreement, the appellant Ontjes and two others were named as trustees, to take charge of and administer the $3,000 cash bonus referred to in the trust. While acting in the capacity of trustee, the $3,000 cash bonus referred to in the consolidation agreement, set out in the opinion in case No. 7614, came into the hands of Ontjes. Ontjes, who was the one actively engaged in the administration of the trust fund, filed a final account of his administration of said trust with the circuit court, and a petition wherein he asked that this account be approved. The account failed to specify the $3,000 cash bonus referred to in the consolidation agreement and which is admitted Ontjes received. Objections were filed to the account based upon the failure of Ontjes to report this $3,000. At the hearing upon the account, Ontjes maintained that this $3,000 payment was made for the benefit of him and one Sundstrom upon their agreement not to engage in the banking business in Beresford. Evidence was submitted relative to the object and purpose of this $3,000 payment designated in the consolidation agreement as a bonus, and the trial court concluded: "That the said bonus of $3,000, raised and paid by the First National Bank and the Security State Bank of Beresford, South Dakota, and referred to in finding of fact No. 15, herein, was raised for the purpose of having the reorganized Beresford State Bank, consolidate with the Security State Bank of Beresford and cancel its charter and go out of business permanently, and therefore the said $3,000.00, does not belong to the said J. A. Ontjes and Robert P. Sundstrom, but does belong to and should inure to the benefit of all of the creditors of the said trust estate and Beresford Holding Corporation."

Upon the record as presented, we are of the opinion that that portion of the order appealed from must be, and it is, affirmed.

All the Judges concur.